## Case No. 9,565.

MILLER v. BUTLER.

[1 Cranch, C. C. 470.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

BILL OF EXCHANGE — ACCEPTANCE — GIVEN FOR AWARD—MISTAKE OF ARBITRATORS.

1. A bill of exchange may be accepted, by the drawee's writing the word "accepted" ["excepted"] upon it.
[Cited in Cortelyou v. Maben, 22 Neb. 700, 36 N. W. 160.]

2. In an action by the indorsee, against the acceptor of a bill of exchange, drawn for the amount of an award, the acceptor cannot avail himself of a mistake of the arbitrators in making up the award.

Assumpsit on an inland bill of exchange, drawn by Reed on the defendant, in favor of W. Hartshorne, Jr., or order, stating it to be the amount of an award between Reed and the defendant, which bill was underwritten. "Excepted, Tristam Butler," in the handwriting of the defendant. Hartshorne indorsed it to the plaintiff.

Mr. Swann, for defendant, objected that

[1] [Reported by Hon. William Cranch, Chief Judge.]

that was not an acceptance, but THE COURT (DUCKETT, Circuit Judge, absent) overruled the objection.

Mr. Swann then offered to read the award, (Hartshorne being one of the referees who had signed the award,) and to read an acknowledgment by the arbitrators made subsequent to the award, that if a certain affidavit (then produced,) had been produced to them before the award, it would have reduced their award sixty dollars, and contended that the defendant had a right to discount those sixty dollars against the plaintiff.

But THE COURT rejected the evidence, the bill being negotiable, and in the hands of a third person.

MILLER (BUTTNER v.). See Case No. 2,254.

## Case No. 9,566.

MILLER v. DELAWARE, L. & W. R. CO.

[2 N. J. Law J. 50.]

Circuit Court, D. New Jersey. Sept. Term, 1878.

BANKRUPTCY — ACTION TO RECOVER DEBT DUE BANKRUPT—SET-OFF.

[It is no defense to an action by an assignee to recover a debt due the bankrupt that said debt has been claimed by the bankrupt as set-off in a pending suit.]

[This was an action by Miller, assignee in bankruptcy of Wyckoff and others, against the Delaware, Lackawanna & Western Railroad Company. Heard on demurrer to plea.]

To a declaration by an assignee in bankruptcy containing the common counts for money due to the bankrupts, a plea was filed alleging that the defendants, before the filing of the petition in bankruptcy, had begun a suit against the bankrupts in the New Jersey supreme court, and that the bankrupts did claim, by way of set-off in that action, the sum of money claimed in this suit, and for the same cause of action, and that that suit was still pending and undetermined.

A demurrer to this plea was sustained. The plaintiff's counsel cited Serra e' Hijo v. Hoffman [30 La. Ann. 67].

Edward Q. Keasbey, for demurrants.
Mr. Keen, for defendants.